# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VAFA SHAMSAI-NEJAD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT and MS. STEGGER,<br><br>　　　　Defendants. | Case No. 2:12-cv-01205-MMD-GWF<br><br>**ORDER AND REPORT AND RECOMMENDATION**<br><br>Application to Proceed in *Forma Pauperis* (#1) and Screening of Complaint |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on July 9, 2012.

## BACKGROUND

Plaintiff brings this action against the Clark County School District ("CCSD") and a CCSD teacher, Ms. Stegger. Plaintiff fails to identify any specific cause of action against the Defendants. Conceivably, Plaintiff could be alleging a claim of negligence. Plaintiff alleges that the CCSD ignores her complaints and does not hire qualified individuals. Plaintiff claims that Ms. Stegger, her son's teacher, is unqualified for her position and is not properly teaching her son. Plaintiff requests help in passing laws that eliminate the administration of the CCSD, and make the parents and grandparents responsible for the hiring and supervision of the teachers. Plaintiff further requests that the administration and teachers be fined for their behavior.

. . .

. . .

. . .

**DISCUSSION**

I. **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Shamsai-Nejad's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

III. **Instant Complaint**

To bring an action before federal district court, a plaintiff must state a federal question or the parties must be completely diverse in citizenship. *See* 28 U.S.C. §§ 1331 and 1332. Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).

### i. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. "'Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy.'" *United States v. Morros*, 268 F.3d 695, 701 (9th Cir. 2001) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quotation omitted)). It appears Plaintiff is alleging a claim for negligence against the CCSD and Ms. Stegger. Because these matters do not appear to arise under federal law, the Court does not have federal question jurisdiction.

### ii. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Diversity jurisdiction requires Plaintiff to be diverse from all named Defendants. *See* 28 U.S.C. § 1332. Plaintiff and the CCSD appear to be Nevada citizens, and therefore the complete diversity requirement is not satisfied.

Because it appears the Court does not have jurisdiction over this matter, the Court will recommend that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction. The Court further notes that the allegations contained in Plaintiff's complaint appear frivolous. Although the Court is recommending dismissal for lack of jurisdiction, a preliminary review

. . .

indicates that this complaint would likely be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief can be granted.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court file Plaintiff's Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed** for lack of subject matter jurisdiction.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge